UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bobby Mosley, | ) C/A No. 6:11-1542-JMC-JDA |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Lt. Chrissie Cofield; Lt. Kenneth Richards; and Sheriff Ricky Chastain, | ) |
| Defendants. | ) |

This is a civil action filed by a local prisoner. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review *pro se* complaints and petitions for relief and submit findings and recommendations to the District Court. Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even

1

under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

## BACKGROUND

Plaintiff's Complaint names Lt. Chrissie Cofield, Lt. Kenneth Richards, and Sheriff Ricky Chastian of the Laurens County Sheriff's Department (LCSD) as Defendants in this case. Plaintiff's Complaint alleges that, on November 27, 2008, he and his brother were stopped initially by another LCSD officer based on the officer's suspicion that the men and their car matched the description of the perpetrators of an armed robbery that had occurred a short time earlier. Attached to Plaintiff's Complaint are incident reports and statements (and a drawing) which indicate that Plaintiff fled the scene of this initial traffic stop when the officer asked him to exit his vehicle, then led several LCSD officers/cars on a high speed chase. Plaintiff alleges that Defendants Cofield and Richards shot at Plaintiff as his car approached a roadblock, causing Plaintiff to crash his car a short distance away, at which time Plaintiff and his brother were arrested. Plaintiff alleges that Defendants Cofield and Richards made inconsistent, contradictory statements about why they fired their weapons, and that Defendant Cofield''s and Richards' use of deadly force was not justified because neither Plaintiff nor his brother had a weapon. Plaintiff alleges that he was charged with ABWIK in an attempt to cover up Defendant Cofield's and Richards' use of excessive and unnecessary deadly force against him. Plaintiff seeks "a declaration that the acts and omissions described herein violated Plaintiff's rights under the constitution and laws of the United States," "a preliminary injunction ordering defendants Chrissie

Cofield Lt., and Ofc. Richards to be written up and punished for their action by their superior ofc. and supervisor defendant Sheriff Ricky Chast[a]in," "compensatory damages in the amount of $100,000 against each defendant," "punitive damages in the amount of $100,000 against each defendant," and "Plaintiff's cost[s] in this suit." *See* ECF No. 1, p. 2-3, 5; ECF 1-2; ECF 1-3, ECF 1-4; ECF 1-5.

## DISCUSSION

Plaintiff files this action pursuant to 42 U.S.C. § 1983 (*see* ECF No. 1, p. 1), which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707, 119 S. Ct. 1624, 143 L. Ed. 2d 882 (1999). To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

As to Defendant Sheriff Ricky Chastain, § 1983 liability cannot be imposed vicariously against a supervisory official merely on the theory of *respondeat superior*.

*Rizzo v. Goode*, 423 U.S. 362, 375 (1976); *Gay v. Petsock*, 917 F.2d 768, 771 (3d Cir. 1990). A defendant in a civil rights action must have personal involvement in the alleged wrongs. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence, but such allegations of participation or actual knowledge and acquiescence must be made with appropriate particularity. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). In order to state a claim under § 1983, a complaint must "contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiff[]." *Freedman v. City of Allentown, Pennsylvania*, 853 F.2d 1111, 1114 (3d. Cir. 1988).

Plaintiff's Complaint makes no specific factual allegation that Defendant Chastain personally caused Plaintiff serious harm, or personally authorized the alleged use of deadly force against Plaintiff by Defendants Cofield and Richards. Nor does Plaintiff's Complaint make any specific factual allegation that Defendant Chastain had actual or constructive knowledge that Plaintiff was exposed to a substantial risk of serious harm that Defendant Chastain deliberately disregarded, so as to allege that Defendant Chastain had the requisite culpable state of mind to establish liability under § 1983, Plaintiff does not allege any facts to show the existence of an affirmative causal link between Chastain's action or inaction and Plaintiff's alleged constitutional injury, to show that Chastain should be liable under § 1983. In fact, Plaintiff's Complaint makes no factual allegations concerning Defendant Chastain's involvement in, or knowledge of, any aspect of the events of November 27, 2008. The allegations of the complaint concern the actions of Defendants Cofield and Richards. Sheriff Chastain cannot be held liable for the actions of the other Defendants, even if they are his subordinates, unless the actions are the result of policies

or customs for which Sheriff Chastain is responsible. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994); *Slakan v. Porter*, 737 F.2d 368, 375-376 (4th Cir. 1984), cert. denied, *Reed v. Slakan*, 470 U.S. 1035 (1985); *Fisher v. Washington Metro Area Transit Authority*, 690 F.2d 1133, 1142-43 (4th Cir. 1982) (citing *Hall v. Tawney*, 621 F.2d 607 (4th Cir. 1980)); *Vinnedge v. Gibbs*, 550 F.2d 926, 927-29, & nn. 1-2 (4th Cir. 1977). Here, Plaintiff makes no allegations concerning any action or any policy of Defendant Chastain. Thus, as to Defendant Chastain, Plaintiff's Complaint is both frivolous and fails to state a claim on which relief may be granted by this Court against this Defendant.

Even if the Complaint alleged facts to state a plausible claim against Defendant Chastain - which it does not - Plaintiff would be unable to obtain the mandamus-type injunctive relief that he seeks, *i.e.* "ordering defendants Chrissie Cofield Lt., and Ofc. Richards to be written up and punished for their action by their superior ofc. and supervisor defendant Sheriff Ricky Chast[a]in." ECF No. 1, p. 4. It is well settled that a writ of mandamus[1] ("a writ issued by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly" *see Black's Law Dictionary* (8th ed. 2004)) is a drastic remedy which is used by courts only in "exceptional circumstances." The writ is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; *Gurley v. Super. Ct. of Mecklenburg County*, 411 F.2d 586, 587-88 & nn.2-4 (4th Cir. 1969). A federal district court may issue a writ of mandamus only against an employee

---

[1] *See Black's Law Dictionary* (8th ed. 2004) (mandamus: "A writ issued by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly.")

5

or official of the United States. *Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir.1973) (federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee of a state to perform a duty owed to the petitioner). *See also In re Carr*, 803 F.2d 1180, 1180 (4th Cir., Oct 24, 1986) (unpublished opinion) (same). Additionally, such a claim for injunctive relief must also be dismissed under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), wherein the United States Supreme Court held that a federal court must abstain from exercising federal jurisdiction when to do so would interfere with a pending state criminal proceeding. *See Younger*, 401 U.S. at 44; *Suggs v. Brannon,* 804 F. 2d 274, 280 (4th Cir. 1986) (claim for injunctive relief against pending state criminal case could be dismissed under *Younger*, but damages claim should have been stayed); *Traverso v. Penn*, 874 F.2d 209, 213 (4th Cir. 1989) (§ 1983 damage claim should be stayed under *Younger* while state criminal action proceeded); *Richardson v. Union Pub. Safety Dep't. Police*, C/A No. 7:10-2679-JMC-JDA, 2011 U.S. Dist. LEXIS 60130 at *18-27 (D.S.C. May 13, 2011) adopted by, motion denied by, stay granted by, motion dismissed by *Richardson v. Union Pub. Safety Dep't Police*, 2011 U.S. Dist. LEXIS 60101 (D.S.C., June 6, 2011).

Moreover, the "declaration" sought here by Plaintiff is not declaratory relief in the true legal sense (*see* Fed. R. Civ. P. 57, 28 U.S.C. § 2201) and Plaintiff's Complaint is not an appropriate pleading which states the type of "case of actual controversy" required to invoke the jurisdiction of this Court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. 2201(a). "District courts have great latitude in determining whether to

assert jurisdiction over declaratory judgment actions." *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1998). "Declaratory judgments . . . are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct." *Johnson v. McCuskey*, 72 Fed. Appx. 475, 477 (7th Cir. 2003) (citing *Bontkowski v. Smith*, 305 F.3d 757, 761 (7th Cir.2002); 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2751 (3d ed.1998)). "Declaratory judgments are not meant simply to proclaim that one party is liable to another." *Id.* (citing *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1553-54 (Fed.Cir.1994) (en banc) (concluding that the plaintiff's prayer for a "declaration" of a regulatory taking was "different from a formal declaration under the Declaratory Judgment Act")). Plaintiff is not entitled to the declaratory relief that he seeks in the instant Complaint because he does not ask the Court to define the parties' rights in the future, he seeks merely a declaration from the Court that "the acts and omissions described herein violated Plaintiff's rights" in the past. *See Abebe v. Richland County*, C/A No. 2:09-02469-MBS-RSC, 2009 U.S. Dist. LEXIS 127408 at *11-12 (D.S.C. Oct. 8, 2009) (plaintiff's request for declaratory judgment "misses the mark" when he asks the court for declarations that the acts and omissions described in the complaint violated his rights under the constitution); *Wise v. United States*, C/A No. 6:09-1376-HFF-WMC, 2009 U.S. Dist. LEXIS 87504 at *10 (D.S.C. June 24, 2009) ("Plaintiff's request in his amended complaint for a declaratory judgment is nothing more than a request to establish the liability of the defendants on his claims. Plaintiff is not entitled to the 'declaratory' relief that he seeks."). Consequently, Plaintiff's Complaint, insofar as it seeks a "declaration," does not state a plausible claim for declaratory judgment and does

not confer federal jurisdiction over any claim that does not otherwise fall within the subject matter jurisdiction of the federal court.  See *Beltran v. Brownell*, 121 F. Supp. 835, 836 (S.D. Cal. 1954); *Mason & Dixon Lines, Inc. v. Eagerton*, 555 F. Supp. 434, 436 (M.D. Ala. 1982).

## RECOMMENDATION

It is recommended that the Complaint be partially dismissed, without prejudice and without issuance and service of process, as to Defendant Sheriff Ricky Chastain.  The Complaint should be served on the remaining Defendants, Lt. Chrissie Cofield and Lt. Kenneth Richards.  See *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F.2d 201 (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d 70. (4th Cir. 1983); see also 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's allegations and prayers for relief concerning declaratory and injunctive relief should also be dismissed, without prejudice, for the reasons stated.  Plaintiff's claim for monetary damages based on the remaining excessive force issue can then proceed.

Plaintiff's attention is directed to the important notice on the next page.

                                                  s/Jacquelyn D. Austin

                                                  Jacquelyn D. Austin
                                                  United States Magistrate Judge

July 21, 2011
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).